UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL SHAUS, | ) |
|     Plaintiff, | ) ) ) |
| vs. | )   Case No. 4:13-CV-1193 (CEJ) |
| LACLEDE GAS COMPANY and ELLEN THEROFF, | ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this action to the Missouri state court from which it was removed and plaintiff's motion for attorney's fees. The defendants have not responded to the remand motion, but they have filed a memorandum in opposition to plaintiff's motion for an attorney's fees.

I.  **Motion to Remand**

Plaintiff initiated this action in the state court, asserting claims of retaliatory termination in violation of Missouri public policy and sex discrimination in violation of the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010, *et seq.*  In the complaint, plaintiff alleges that defendant Laclede Gas Company is a Missouri corporation and that defendant Ellen Theroff is a "Missouri resident." *Complaint*, ¶¶ 2 and 30.  Laclede removed the action based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  In its notice of removal, Laclede stated that it and defendant Theroff are "resident[s]" of Missouri, and that plaintiff "is currently a resident of Virginia." *Notice of Removal*, ¶¶ 4 and 5.  In support of remand, plaintiff submits an affidavit and documents to establish that he is a Missouri resident.

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

The notice of removal is insufficient on its face to establish diversity jurisdiction because it contains allegations of the parties' *residency* but not of their *citizenship*. See Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987) (allegations of residency not sufficient to establish citizenship for purposes of 28 U.S.C. § 1332). Furthermore, defendant does not dispute plaintiff's contention that he is a citizen of Missouri. Because complete diversity of the parties is lacking, the Court lacks subject-matter jurisdiction and the case must be remanded. 28 U.S.C. § 1447(c).

## II.    Attorney's Fees

Plaintiff argues that defendant did not have an objectively reasonable basis for believing that diversity of citizenship existed. He seeks an award of attorney's fees and costs incurred in seeking remand under 28 U.S.C. § 1447(c).

The decision whether to award costs and fees under 28 U.S.C. § 1447(c) rests in the Court's discretion. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal.

Conversely, when an objectively reasonable basis exists, fees should be denied." Id. Bad faith or frivolousness is not required to support an award of fees and costs. Missouri v. Webb, 4:11CV1237 AGF, 2012 WL 1033414 (E.D. Mo. Mar. 27, 2012) (citing Lytle v. Lytle, 982 F. Supp. 671, 674 (E.D. Mo. 1997)).  In exercising discretion to make such an award, courts also weigh the statutory objective of providing a federal forum against the interest of avoiding removals sought solely for the purpose of prolonging litigation.  Id. (citing Martin, 546 U.S. at 140).

Plaintiff states that he moved to Missouri from Virginia in 2010 in order to take employment with Laclede and has resided in this state since that time.  He has not changed his residence since his employment was terminated and receives Laclede's utility bills for that address in the name of his wife.  Plaintiff argues that defendant would have been able to determine that he resides in Missouri if it had checked its own records.

Defendants contends that there was an objectively reasonable basis for believing that plaintiff was a resident of Virginia and, hence, that there was complete diversity of parties.  First, plaintiff alleged in the complaint that he "resided" in St. Louis County, Missouri "at all times relevant" to his claims. *Complaint*, ¶ 1.  Plaintiff did not identify his citizenship in the complaint.  The defendants submit the affidavit of Allan Moore, which describes the results of the research he conducted regarding plaintiff's residence. According to Mr. Moore, the address plaintiff provided when he filed his lawsuit was a post office box at a UPS Store in St. Louis County.  An online database (KnowX) listed an address in Virginia as plaintiff's most recent residence.  A second online database (Intelius) listed 13 addresses for a person with plaintiff's name, including two street addresses in Missouri.  Mr. Moore checked these two addresses against Laclede's

Case: 4:13-cv-01193-CEJ   Doc. #:  31   Filed: 08/16/13   Page: 4 of 5 PageID #: 159

customer database.  Plaintiff was previously billed for gas services at one of the addresses but the account for that address is currently billed to someone with a different last name.  The other street address was not located in Laclede's customer database and was determined to be a post office box at a UPS Store.  Finally, plaintiff's current LinkedIn website listed Laclede Gas as a former employer and stated that he was currently working as a security consultant in the metro Washington, D.C. area.

Based on the above, the Court cannot find that Laclede lacked an objectively reasonable basis for seeking removal.   See AG/CP Crestwood Retail Owner, LLC v. Gamestop, Inc., 4:11-CV-00389, 2011 WL 2038608 (E.D. Mo. May 25, 2011) (denying fees on remand where defense counsel undertook multiple efforts to determine plaintiff's citizenship).  Thus, plaintiff is not entitled to fees and costs pursuant to 28 U.S.C. § 1447(c).

Plaintiff also argues that he is entitled to an award of the costs and fees as a prevailing party under the Missouri Human Rights Act (MHRA).  A prevailing party for the purposes of the MHRA "is one that succeeds on any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." Alhalabi v. Missouri Dep't of Natural Res., 300 S.W.3d 518, 530 (Mo. Ct. App. 2009).  Plaintiff's success in obtaining remand of this action to his chosen forum cannot be characterized as the benefit he sought in bringing suit.  Plaintiff is not a prevailing party under the MHRA and is not entitled to fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #11] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys' fees [Doc. #13] is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2013.